BRADEN PENCE (Pro hac vice pending)
JOSEPH R. SHAEFFER (pro hac vice pending)
MIKA K. ROTHMAN (Pro hac vice pending)
MacDONALD HOAGUE & BAYLESS
705 Second Ave, Suite 1500
Seattle, WA 98104
Telephone: 206-622-1604
bradenp@mhb.com
joe@mhb.com
mikar@mhb.com

*Attorneys for Plaintiff*

APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Coeur d'Alene, ID 83815
Telephone: (208) 762-0203
Email:  alinscott@omllaw.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JAMES LEIGHTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF DARYL WHEELER, an individual; BONNER COUNTY, a municipal corporation; BONNER COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>　　　　　Defendants. | No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL |

COMPLAINT - 1

# I. NATURE OF THE CASE

1.1     This case arises out of the Bonner County Sheriff's unconstitutional censorship of Plaintiff's free speech. In 2017, Plaintiff James Leighty's close friend was shot and killed by a Bonner County Sheriff's deputy stemming from a home wellness check. The death of his close friend motivated Mr. Leighty to become an advocate for police accountability and reform. His advocacy includes writing to and lobbying law enforcement agencies, an exercise of his constitutional right to free speech.

1.2     The Bonner County Sheriff's Office maintains an official government Facebook page, on which it posts information and updates about Sheriff's Office news, incidents, events, and services. In addition to serving as a source of news and information about the Bonner County Sheriff's Office, it is an important public forum for speech by, to, and about the Bonner County Sheriff's Office. The Bonner County Sheriff's Office has silenced Mr. Leighty's legitimate criticism in this public forum.

1.3     On at least three separate occasions in 2022, Mr. Leighty wrote comments in response to official Facebook posts by the Bonner County Sheriff's Office. The Sheriff's Office removed each of Mr. Leighty's three comments from public view. On the first occasion, the Office claimed that Mr. Leighty's comment violated the Terms of Use – while leaving for public view other comments that actually appeared to violate the Terms of Use. On subsequent occasions, the Office removed the comments without offering any rationale.

1.4     On November 27, 2022, Mr. Leighty discovered that the Sheriff's Office had blocked him from accessing or interacting with its official Facebook page. Mr. Leighty could no longer view the page, let alone read posts or comment on them. The Sheriff's banishment continues to this day and constitutes ongoing irreparable harm.

1.5     Mr. Leighty brings this complaint for injunctive relief and damages for violations of his First Amendment rights.

# II. PARTIES

2.1     Plaintiff JAMES "JIM" LEIGHTY is an individual residing in Spokane,

Washington.

2.2 Defendant SHERIFF DARYL WHEELER is an individual who at all times relevant was the Sheriff of Bonner County acting within the scope of his employment and under the color of state law. Sheriff Wheeler is a policymaker of the Bonner County Sheriff's Office with respect to the Office's Facebook page practices and policies.

2.3 Defendant BONNER COUNTY a county within the State of Idaho and a municipal corporation located in the District of Idaho.

2.4 Defendant BONNER COUNTY SHERIFF'S OFFICE ("BCSO") is a subdivision of Bonner County, a county within the State of Idaho and a municipal corporation located in the District of Idaho.

### III. JURISDICTION AND VENUE

3.1 This Court has original subject matter jurisdiction pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. §§ 1331 and 1343.

3.2 Venue is appropriate in the District of Idaho pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within District of Idaho.

### IV. FACTUAL ALLEGATIONS

4.1 Facebook is a social media platform with nearly 3 billion active users worldwide, and over 230 million users in the United States.

4.2 Facebook offers two ways to establish a presence on its platform: profiles and pages. Private individuals create profiles to share personal information and connect with other users. Pages are used by public-facing entities – businesses, brands, governmental organizations, public figures, and other organizations – to connect with their citizens, constituents, customers, or fans.

4.3 Bonner County and the Bonner County Sheriff's Office (BCSO) has a Facebook page entitled "Bonner County Sheriff's Office." The page is labeled as a "Governmental Organization" page for the "Office of the Sheriff of Bonner County, Idaho," and lists the

Office's official website, phone number, email address, and physical address.

4.4  Defendant Daryl Wheeler and one or more employees or agents of Defendant Bonner County Sheriff's Office manage the BCSO Facebook page, exercising page-management permissions and privileges at their discretion. As such, the designated Defendant employees or agents act as final policymakers of the Bonner County Sheriff's Office with respect to management of the Office's Facebook page.

4.5  The BCSO Facebook page contains a "Privacy and Legal Info" section which is authored and/or endorsed by Defendant Daryl Wheeler, whose name appears at the bottom of the section.

4.6  The section states: "The purpose of this page is for the Bonner County Sheriff's Office to present information and updates on news, incidents, events, and services which may be of interest to the public, including Bonner County residents, businesses, and visitors. This page also provides information on crime prevention and other public safety tips."

4.7  In the "Privacy and Legal Info" section, BCSO declares its Facebook page to be "a limited public forum and not an open public forum." BCSO also states that it "reserves the right to remove comments" that:

a) use vulgar, offensive, threatening or harassing language
b) contain personal attacks
c) unlawfully facilitates commission of privacy tort
d) disparage any ethnic, racial or religious group
e) promote or incite violence
f) advocate illegal activity
g) are not related to the posted topic
h) promote or oppose any candidate for election to political office or any ballot proposition
i) promote or advertise a business or commercial transaction
j) infringe on copyrights and/or trademarks
k) name a victim of a crime or name a suspect in a crime who is not charged and being sought by law enforcement

4.8  Any Facebook user can view the BCSO Facebook page.

4.9  Any Facebook user can choose to "follow" the BCSO Facebook page. When a Facebook user "follows" the BCSO Facebook page, they effectively are subscribing to posts written and published by the BCSO. These posts appear on the user's home feed, which is a

unique compilation of posts presented to each user when they log into their Facebook account.

4.10    Only BCSO can "post" to its Facebook page. However, any member of the public can interact with BCSO's posts in a number of ways, regardless of whether they "follow" the page. A user also can comment on the post directly or reply to a comment posted by another user. A user can choose from one of several emoticon reactions to a post: "like," "love," "care," "haha," "wow," "sad," or "angry." And a user can share the post directly to their Facebook friends, to their home feed, send it in a private message to another Facebook user, share it to a group of Facebook users, or share it to a Facebook user's profile page.

4.11    The interactive comment section associated with posts published by the Bonner County Sheriff's Office Facebook page is a designated public forum.

4.12    Plaintiff James Leighty is a U.S. Army veteran and police accountability activist residing in Spokane, Washington. Mr. Leighty advocates for training, transparency, and accountability for law enforcement to redress and prevent fatal and harmful law enforcement violence. Mr. Leighty attends and organizes events, speaks to media, and interfaces with local government and law enforcement entities.

4.13    In 2017, Mr. Leighty's close friend Craig Johnson was shot and killed in Coolin, Idaho by a Bonner County Sheriff's deputy stemming from a home wellness check. After Mr. Johnson's death, Mr. Leighty began following the Bonner County Sheriff's Office official Facebook page, commenting on posts, and replying to comments on BCSO posts by other Facebook users.

4.14    On April 21, 2022, BCSO published a post about an "upcoming episode" of Forensic Files, a "true crime" television series. The post said that the episode "feature[s]" BCSO employees Detective Sergeant Pill Stella, Jackie Rogers, and Sheriff Darryl Wheeler, and includes links to Forensic Files' website and Facebook pages, the searchable hashtag "#forensicfiles," and several images of the BCSO employees from production.

4.15    The post generated 160 comments, 288 shares, and 569 emoticon reactions.

4.16    The same day, Mr. Leighty commented on the post. His comment stated: "Oh

dang! Boy do I have some information about you guys. 'Detective' Stella, remember when you and your team killed Craig Johnson on 9/26/2017? The missing phone message, the lack of finger prints, DNA, and dirt on a gun you claim he had, and the lies that Johnson was 'aggressing toward' your hidden snipers when they shot him in the back. A lot of interesting stuff when it comes to forensics."

4.17     Mr. Leighty's comment generated six emoticon reactions.

4.18     Defendants "hid" Mr. Leighty's comment on the April 21 post. Only BCSO, Mr. Leighty, and Facebook users connected to Mr. Leighty as "friends" can view the hidden comment.

4.19     The BCSO then added a comment to the April 21 post purporting to justify its removal of Mr. Leighty's comment, by stating "…we will continue to hide comments of users which violate our Terms of Use."

4.20     Another Facebook user commented on the April 21 post, stating: "My students and I were discussing the importance of constitutional sheriffs in the protection of individual sovereignty, I was using Sheriff Wheeler's actions of the past 2 years as examples. I am looking forward to our students meeting him." This comment remains publicly viewable.

4.21     Another Facebook user commented on the April 21 post, stating: "Hopefully they will arrest Bundy.. and Trump.." This comment remains publicly viewable.

4.22     Another Facebook user commented on the April 21 post, stating: "Fiction, like over half your 'Shootings'." This comment remains publicly viewable.

4.23     On June 9, 2022, BCSO published a post regarding the Bonner County Assessor's Office staff issuing inspection notices and describing how residents could grant or deny the Assessor's Office access to their property.

4.24     The post generated 72 comments, 40 shares, and 57 emoticon reactions.

4.25     Mr. Leighty commented on the June 9 post. Mr. Leighty recounted how Bonner County Sheriff's deputies accessed Craig Johnson's property without permission. Mr. Leighty questioned the Sheriff's Office for representing that a member of the public can choose whether

to grant or deny property access to a government agent.

4.26   Mr. Leighty's comment generated five emoticon reactions.

4.27   Defendants "hid" Mr. Leighty's comment on the June 9 post.

4.28   Defendants did not explain or justify their removal of Mr. Leighty's comment.

4.29   Mr. Leighty added another comment to the June 9 post, a shorter version of his first comment which had since been removed, stating that a Bonner County Sheriff's deputy had accessed Mr. Johnson's property without permission.

4.30   Mr. Leighty's second comment generated 15 emoticon reactions.

4.31   Defendants "hid" Mr. Leighty's second comment on the June 9 post.

4.32   Defendants did not explain or justify their removal of Mr. Leighty's second comment on the June 9 post.

4.33   Mr. Leighty added yet another comment to the June 9 post, addressing the fact that his comments criticizing the Sheriff's Office repeatedly had been removed from public view.

4.34   Defendants "hid" Mr. Leighty's third comment on the June 9 post.

4.35   Defendants did not explain or justify their removal of Mr. Leighty's third comment on the June 9 post.

4.36   Another Facebook user commented on the June 9 post, stating: "We need to stop hiring liberal transplants and paying them taxpayer money to enforce the Open Society Agenda, overthrow of our country and trespass on our 'private' property." This comment remains publicly viewable.

4.37   Another Facebook user commented on the June 9 post, stating: "This seems like a recipe for another ruby ridge..." This comment remains publicly viewable.

4.38   By hiding Mr. Leighty's comments on April 14 and June 9, Defendants removed these comments from public view and engaged in viewpoint-based restriction of speech.

4.39   This kind of censorship is particularly pernicious because the commenter can still see their "hidden" comment, so they do not know it has been hidden. Thus, the commenter does not receive notice that their comment has been hidden and may not ever realize that it has been.

4.40    Defendants also removed at least one of Mr. Leighty's comments entirely.  On November 14, 2022, BCSO posted a "joint statement" from the Sheriff, Sandpoint Police Chief, and Bonner County Prosecuting Attorney regarding an investigation into "the potential misuse of public funds" involving the Bonner County fairgrounds.

4.41    The post generated 69 comments, 59 shares, and 221 emoticon reactions.

4.42    Mr. Leighty commented on the November 14 post, questioning whether Sheriff Wheeler's representations about misuse of funds should be taken at face value given the Sheriff had been accused of misusing funds while acting as a fiduciary.

4.43    Defendants subsequently removed Mr. Leighty's comment from public view. Unlike other comments that have been removed by Defendants, Mr. Leighty cannot view his comment on the November 14 post anywhere on Facebook. It appears that Defendants deleted Mr. Leighty's comment.

4.44    Defendants did not explain or justify their removal of Mr. Leighty's comment.

4.45    Before Defendants deleted Mr. Leighty's comment, another Facebook user replied to it. That reply comment is still viewable.

4.46    Another Facebook user commented on the November 14 post, stating: "I'm sure the prosecutor and sheriff will do good and fair job of finding out the facts on this matter." This comment remains publicly viewable.

4.47    Another Facebook user commented on the November 14 post, stating: "I have faith in our sheriff and prosecuting attorney. It has to be difficult investigating this sort of thing." This comment remains publicly viewable.

4.48    By removing Mr. Leighty's comment to the November 14 post, yet allowing other more "pro-police" comments to remain, Defendants engaged in viewpoint-based restriction of speech.

4.49    Mr. Leighty's comments on the Bonner County Sheriffs' Office official Facebook page are protected speech under the First Amendment. By and through the implementation of their written policy, or lack thereof, which resulted in hiding and deleting Mr. Leighty's

Facebook comments, Defendants have violated and continue to violate Mr. Leighty's right to free speech and the rights of others by selectively deleting comments from the BCSO's official Facebook page. Defendants have a policy and practice that abridges an individual's right to free speech. These practices are aimed only at those whose comments are critical of the Bonner County Sheriff's Office and its employees. This censorship constitutes unconstitutional content-based and viewpoint-based restriction on Plaintiffs' First Amendment rights.

4.50     Managers of a Facebook page can "block" or "ban" select Facebook users from accessing the page.

4.51     BCSO has not published rules or policies articulating the circumstances under which a Facebook user will be blocked from accessing the BCSO page.

4.52     On or before November 27, 2022, after repeatedly hiding and deleting comments critical of the Bonner County Sheriff's Office, Defendants blocked Mr. Leighty from accessing the BCSO official Facebook page.

4.53     When Mr. Leighty searches Facebook for "Bonner County Sheriff Office," the BCSO page does not appear in the search results – as if it does not exist.

4.54     Defendant's blocking of Mr. Leighty from the BCSO official Facebook page prevents or impedes him from reading posts by BCSO; from reacting to posts using emoticons; from initiating a private direct message to BCSO; from sharing BCSO posts with his Facebook network; from commenting on BCSO posts; from viewing other Facebook users' comments on posts; and from participating in comment thread discussions with other Facebook users.

4.55     Defendants did not explain or justify why they have blocked Mr. Leighty from accessing the BCSO official Facebook page.

4.56     Commenting on, sharing, and reacting to BCSO official Facebook posts are free speech and expressive conduct protected by the First Amendment. To this day, Mr. Leighty is blocked by the Bonner County Sheriff's Office official Facebook page because of the opinions he expressed in his comments.

4.57     Defendants have violated and continue to violate Mr. Leighty's clearly

established First Amendment right to free speech and to petition the government by impeding and preventing Mr. Leighty from accessing and interacting with the BCSO official Facebook page.

4.58   Defendants' violations have caused and continue to cause Mr. Leighty irreparable harm, for which there is no other remedy at law.

## V.   INJUNCTIVE CLAIMS

5.1   The allegations in the preceding paragraphs are incorporated by reference.

5.2   Defendants have violated and continue to violate Plaintiff James Leighty's First Amendment rights by blocking Plaintiff from accessing or interacting with the Bonner County Sheriff's Office official Facebook page, restricting Plaintiff's participation in a public forum and his ability to petition the government for redress of grievances.  This Constitutional harm is ongoing and irreparable.

## VI.   DAMAGES CLAIMS

6.1   The allegations in the preceding paragraphs are incorporated by reference.

6.2   Defendants have violated Plaintiff James Leighty's First Amendment rights by blocking Plaintiff from accessing or interacting with the Bonner County Sheriff's Office official Facebook page, and by removing or hiding Plaintiff's comments on the official Facebook page from public view, causing Constitutional and emotional harm. This cause of action is brought under 42 U.S.C. §1983 and the First Amendment, which is applicable to local jurisdictions through the Fourteenth Amendment to the U.S. Constitution.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

7.1   Prospective and mandatory injunctive relief requiring Defendants to unblock Plaintiff from the Bonner County Sheriff's Office Facebook page, and prohibiting Defendants from blocking Plaintiff or others from the page;

7.2   A declaration that Defendants' viewpoint-based blocking of Plaintiff from the Bonner County Sheriff's Office Facebook page is unconstitutional;

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

7.3 Prospective and mandatory injunctive relief requiring Defendants to unhide or recover Plaintiff's comments on certain Bonner County Sheriff's Office page posts, and prohibiting Defendants from removing comments made by Plaintiff or others from public view;

7.4 A declaration that Defendants' policies, practices, customs, or usages violate the U.S. Constitution;

7.5 Compensatory damages for violations of Plaintiff's Constitutional rights;

7.6 Punitive damages from the individual Defendants on Plaintiff's claims under 42 U.S.C. §1983;

7.7 Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

7.8 Leave to amend the pleadings to confirm to the evidence at trial; and

7.9 Such other relief as may be just and equitable.

**Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Compliant.**

DATED this 3rd day of February, 2023.

By: OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Coeur d'Alene, ID 83815
Telephone: (208) 762-0203

  /s/April M. Linscott_____
April M. Linscott, ISB #7036
Email: alinscott@omllaw.com

By: MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

*s/Joe Shaeffer*
Joseph R. Shaeffer, WSBA # 33273
Pro hac vice application pending
Email: joe@mhb.com

*s/Braden Pence*
Braden Pence, WSBA #43495
Pro hac vice application pending
Email: bradenp@mhb.com

*s/Mika Rothman*
Mika Rothman, WSBA #55870
Pro hac vice application pending
Email: mikar@mhb.com