Evans, Craven & Lackie, PS
Heather C. Yakely, ISB #6970
hyakely@ecl-law.com
818 W. Riverside Ave., Suite 250
Spokane, Washington 99201
Telephone: (509) 455-5200

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES LEIGHTY,<br><br>            Plaintiff,<br><br>   v.<br><br>SHERIFF DARYL WHEELER, and individual; BONNER COUNTY, a municipal corporation; BONNER COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>            Defendants. | Case No. 2:23-cv-0063-DKG<br><br>ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

COME NOW Defendants, by and through the undersigned counsel of the law firm Evans, Craven & Lackie, P.S., and for Answer to the Plaintiff's Complaint, admits, denies and alleges as follows:

**I.     Nature of the Case**

1.1    For answer to paragraph 1.1 these answering Defendants are without sufficient information to admit or deny and therefore denies the same. To the extent that this paragraph sets forth any legal conclusions, Defendants deny the same.

1.2    Defendants admit that it maintains a Facebook page which is used to post information and updates about the Sheriff's Office. It is without sufficient information to admit or deny whether this page is an "important public forum for speech by, to, and about the Bonner

ANSWER TO COMPLAINT - 1

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200 fax; (509) 455-3632

County Sheriff's Office." Defendants admit that the Bonner County Sheriff's Office denied access to Mr. Leighty but deny that his criticism was legitimate or within the terms of use.

1.3  Defendants deny that any comments were removed. To the extent that any action was taken by Defendants, Defendants deny that it was a constitutional violation.

1.4  Defendants admit that the Bonner County Sheriff's Office had blocked him from accessing or interacting with its Facebook page. Defendants are without sufficient information to admit or deny the remainder of the allegations.

1.5  No answer is required to this paragraph; to the extent that any answer is required, these answering Defendants deny the same.

## II.    PARTIES

2.1  Defendants are without sufficient information to admit or deny and therefore deny the same.

2.2  Admit.

2.3  Admit.

2.4  Admit.

## III.    JURISDICTION AND VENUE

3.1  Admit.

3.2  Admit.

## IV.    FACTUAL ALLEGATIONS

4.1  Defendants are without sufficient information to admit or deny and therefore deny the same.

4.2  Defendants are without sufficient information to admit or deny and therefore deny the same.

4.3  No answer is required to the extent the page speaks for itself, notwithstanding deny that anything says, "Governmental Organization."

ANSWER TO COMPLAINT - 2

4.4 Admit to the extent that there is an employee who manages the page. Deny to the extent that that person is a final policy maker.

4.5 Admit.

4.6 No answer is required to the extent the page speaks for itself, notwithstanding Admit.

4.7 No answer is required to the extent the page speaks for itself, notwithstanding Admit.

4.8 Admit.

4.9 Without sufficient information to admit or deny and therefore deny the same. However, this information is presumed to be an accurate summary of how Facebook is used.

4.10 Admit to the extent that this is how Bonner County's Facebook page works. Deny to the extent that only BCSO can authorize sharing to a group of Facebook users or share it to a Facebook user's profile page.

4.11 Without sufficient information to admit or deny as to the definition "designated public forum," and therefore deny the same.

4.12 Without sufficient information to admit or deny and therefore deny the same.

4.13 Without sufficient information to admit or deny and therefore deny the same.

4.14 Admit to the extent that the post speaks for itself.

4.15 Admit to the extent that the post speaks for itself.

4.16 Admit to the extent that the post speaks for itself. Deny to the extent that any information contained in the post is either accurate or linked to the post to which the response was made.

4.17 Admit to the extent that the post speaks for itself which states 7 responses.

4.18 Admit to the extent that the post speaks for itself. Without sufficient information to admit or deny that only Mr. Leighty's friends can view the hidden comments but assume that the Complaint accurately sets forth how Facebook presents.

4.19 Admit to the extent that the post speaks for itself.

4.20 Admit to the extent that the post speaks for itself.

ANSWER TO COMPLAINT - 3

4.21 Admit to the extent that the post speaks for itself.

4.22 Admit to the extent that the post speaks for itself.

4.23 Admit to the extent that the post speaks for itself.

4.24 Admit to the extent that the post speaks for itself.

4.25 Admit that Mr. Leighty commented. Deny to the extent that the interpretation is not an accurate summary of his post. Defendants affirmatively assert that the post was not related to the Sheriff's Post regarding the Assessor's Office but was about the Craig Johnson incident from over four years previously.

4.26 Admit.

4.27 Admit.

4.28 Deny that any post was removed. Admit to the extent that on April 20, 2022, post when Mr. Leighty's comments were hidden a post was made stating that violation of rules would continue to result in hidden posts.

4.29 Deny.

4.30 Admit to the extent that the document speaks for itself.

4.31 Admit to the extent that the document speaks for itself.

4.32 Deny that any post was removed.

4.33 Admit.

4.34 Admit.

4.35 Deny that any post was removed.

4.36 Admit to the extent that the document speaks for itself.

4.37 Admit to the extent that the document speaks for itself.

4.38 Deny

4.39 Without sufficient information to admit or deny and therefore denies the same.

4.40 Admit to the extent that the document speaks for itself.

4.41 Admit to the extent that the document speaks for itself.

ANSWER TO COMPLAINT - 4

4.42   Deny to the extent that this is a summary of the paragraph and subject to interpretation.

4.43   Deny that Bonner County deleted any comments. Without sufficient information to admit or deny what Mr. Leighty can or cannot see on his Facebook page. Deny that Mr. Leighty's comment was deleted.

4.44   Admit.

4.45   Deny that Mr. Leighty's comment was deleted. Without sufficient information to admit or deny the remainder of the paragraph therefore deny the remainder of the paragraph.

4.46   Admit to the extent that the document speaks for itself. Affirmatively asserts that this post did not violate the rules of use.

4.47   Admit to the extent that the document speaks for itself. Affirmatively asserts that this post did not violate the rules of use.

4.48   This paragraph calls for a legal conclusion and no answer is required. Defendants further deny violating Mr. Leighty's rights.

4.49   Admit.

4.50   Admit.

4.51   Admit.

4.52   Deny deleting of any comments. Defendants affirmatively asserts that Mr. Leighty was blocked for repeatedly violating terms of use and ultimately posting a link to sealed court records.

4.53   Admit

4.54   Deny.

4.55   This paragraph calls for a legal conclusion and no answer is required. Defendants are without sufficient information to admit or deny what Mr. Leighty can or cannot see on his Facebook page. Defendants deny that he was removed because of Constitutionally protected rights.

4.56   Deny

ANSWER TO COMPLAINT - 5


EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200 fax; (509) 455-3632

4.57   Without sufficient information to admit or deny and therefore denies the same.

## V.   INJUNCTIVE RELIEF

5.1   Admit or deny as set forth above.

5.2   Deny.

## VI.   DAMAGES CLAIMS

6.1   Admit or deny as set forth above.

6.2   Deny.

## VII.   REQUEST FOR RELIEF

This paragraph requires no answer. To the extent that any answer is required Deny.

## AFFIRMATIVE DEFENSES

By way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendant alleges;

1. That the Plaintiff has failed to file a claim against the Defendant as required by Idaho Code 6-901 through 929.

2. That all actions of the Defendants herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

3. That the Plaintiff has failed to state a claim upon which relief may be granted.

4. That if Plaintiff sustained any injury or damage, the same was provoked by the conduct of Plaintiff.

5. That Defendant at all times acted in good faith in the performance of its duties and is therefore immune from suit for the matters charged in Plaintiff's Complaint.

6. That if Plaintiff suffered any damages, recovery therefor is barred by Plaintiff's failure to mitigate said damages.

7. That the claims alleged under 42 U.S.C. § 1983 against the government employees are barred by the doctrine of qualified immunity.  (See: *See Saucier v. Katz*, 533 U.S. 194 (2001)).

## ADDITIONAL AFFIRMATIVE DEFENSES

Because Plaintiff's allegations and causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant reserves the right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are appropriate and available in this case.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED this 10th day of March 2023.

EVANS, CRAVEN & LACKIE, P.S.

By:  s/Heather C. Yakely
Heather C. Yakely, ISB #6970
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200
hyakely@ecl-law.com

Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I caused the following to be electronically filed with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

*<u>Counsel for Plaintiffs</u>*

Braden Pence
Joseph R. Shaeffer
Mika K. Rothman
MACDONALD HOAGUE & BAYLESS
705 Second Ave, Suite 1500
Email:  bradenp@mhp.com
Email:  joe@mhb.com
Email: mikar@mhb.com

*<u>Counsel for Plaintiffs</u>*

April M. Linscott
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Coeur d'Alene, ID 83815
Email: alinscott@omllaw.com

                EVANS, CRAVEN & LACKIE, PS

                By ___s/ Heather C. Yakely___
                Heather C. Yakely, #6970
                Attorneys for Defendants
                818 W. Riverside Ave., Ste. 250
                Spokane, WA 99201
                (509) 455-5200
                hyakely@ecl-law.com